UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERRY KATHEREN, individually on behalf of herself and all others similarly situated,<br><br>     Plaintiffs,<br> -against-<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>     Defendant. | Case No. 25-cv-1794 |

## <u>COLLECTIVE ACTION COMPLAINT</u>

Plaintiff Sherry Katheren ("Plaintiff"), individually and on behalf other similarly situated present or former employees of Defendant who have joined or may join this action, by Plaintiff's attorneys, Shavitz Law Group, P.A. and Feldman Legal Group, upon personal knowledge as to Plaintiff and upon information and belief as to other matters, allege as follows:

## <u>INTRODUCTION</u>

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), on behalf of Plaintiff and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA.

2. As more fully described below, during the relevant three years prior to the filing of this complaint to the date of judgment in this action, Defendant willfully violated the FLSA by failing to pay Defendant's non-exempt, hourly-paid, and overtime-eligible Disability Claims

Representatives ("DCRs")[1] who work or worked for Defendant in the United States, including Plaintiff and all other similarly situated employees, for all of their overtime hours worked, including time spent working during one-hour meal breaks which Defendant required Plaintiff and DCRs to report as breaks, even though they had to work during such breaks due to Defendant's unlawful policies and practices.  Plaintiff and DCRs were performing work during these meal breaks and were not completely relieved of work duties as required by the FLSA.

3.     At all material times, these DCRs, including Plaintiff, worked for Defendant as hourly paid, non-exempt employees.

4.     While Plaintiff and DCRs had to work more than 40 hours a week to complete their job requirements and assignments from Defendant, Defendant did not pay them for all overtime hours worked.

5.     Defendant failed to record and compensate Plaintiff and DCRs for all their overtime hours worked in willful violation of the FLSA.

## THE PARTIES

### *Plaintiff*

6.     Plaintiff Sherry Katheren is an adult individual over the age of 18 and a citizen and resident of Florida.

7.     Plaintiff worked for Defendant as a non-exempt, hourly-paid, and overtime-eligible DCR from about March 2022 to present.  Plaintiff initially worked for Defendant through a temp

---

[1] The term DCRs includes Disability Claims Specialists, Disability Claim Representatives, Disability Case Managers, Long Term Disability Claim Representatives,  Short Term Disability Claim Representatives, Claims Case Managers I and II, Solution Owner, Claims Solution Owners I and II, and any other titles used to describe non-exempt and overtime eligible disability claim-related employees.

agency and solely worked for Defendant as of September 2022. Plaintiff went on leave around the end of July 2024 but remains to her knowledge, an employee of Defendant.

8. Throughout Plaintiff's employment from March 2022 to the end of July 2024, Plaintiff's regularly scheduled workweek was 8:00 a.m. until 5:00 p.m., 9-hour workdays, Monday to Friday.

9. However, Plaintiff estimates that throughout the term of employment she routinely worked between 10 and 12 hours each day, and between 50 to even 60 hours during these workweeks. Defendant did not pay Plaintiff for all time worked in excess of 40 hours in a workweek.

10. Despite Plaintiff's regularly scheduled workweek requiring her to perform greater than 40 hours of work each week, Defendant did not pay Plaintiff overtime wages for the overtime hours Plaintiff worked because Defendant discouraged her from reporting these overtime hours, including the overtime hours which she suffered to work by not taking one-hour meal breaks which Defendant required her to report as taken even though Plaintiff worked during such breaks.

11. Due to Defendant's unlawful policy and/or practice to limit labor expenses and not pay overtime wages, Defendant required that Plaintiff only record 40 hours of work per workweek.

12. Due to Defendant's limits on the time Plaintiff could record, Plaintiff typically recorded time worked of 8:00 a.m. to 5:00 p.m. with a one-hour meal break, despite the fact that Plaintiff worked longer hours including working without taking these full one-hour meal breaks or where she was not completely relieved of her duties and she did not receive *bona fide* breaks.

13. Upon information and belief, Defendant's electronic databases, systems, e-mail accounts, call log programs, claims files, Microsoft Teams messages, and other records will

demonstrate that Plaintiff performed work beyond the time recorded on Plaintiff's time sheets and will also show that she did not take a one-hour uninterrupted meal break during her workdays.

14.    At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

15.    Plaintiff's written consent to join form is being filed contemporaneously with this Complaint.

### *Defendant*

16.    Defendant is a Delaware corporation with its principal place of business in New York, New York.

17.    Defendant is one of the largest mutual insurance companies in the United States of America.

18.    At all times relevant, Defendant was and still is a covered "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.    Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA.

20.    Defendant has substantial control over Plaintiff's and similarly situated employees' working conditions and the unlawful policies and practices alleged herein.

21.    Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and  other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

- 4 -

## JURISDICTION AND VENUE

22.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 201, *et. seq*.

23.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

24.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)  because Defendant resides in this District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

25.    At all times material to this Complaint, the Defendant is an enterprise engaged in interstate commerce or in  the production of interstate goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and  203(s).

26.    Defendant's annual gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

### *The FLSA Collective*

27.    The proposed FLSA Collective is defined as follows:

> All hourly-paid DCRs under the titles of Disability Claims Specialists, Disability Claim Representatives, Disability Case Managers, Long Term Disability Claim Representatives, Short Term Disability Claim Representatives, Claims Case Managers I and II, Claims Solution Owners I and II, and any other titles used to describe hourly paid disability claim-related employees who worked for THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA in the United States of America, or its territories on or after three years prior to the filing of this complaint to the date of judgment in this action.

## FACTS COMMON TO ALL CLAIMS

### *Plaintiff's Off-the-Clock Work and Defendant's Off-The-Clock Violations*

28.     Plaintiff and the FLSA Collective worked as hourly-paid and overtime-eligible DCRs for Defendant.

29.     Throughout their employment, Plaintiff and DCRs who are members of the proposed FLSA Collective performed work off-the-clock during overtime hours without compensation which denied them compensation and overtime compensation.

30.     Plaintiff and the FLSA Collective's regularly scheduled workweeks exceeded 40 hours, but Defendant did not permit them to record all overtime hours worked in excess of 40 hours in a week.  Plaintiff and the FLSA Collective performed off-the-clock work during overtime hours including communicating with supervisors and customers regarding claims, preparing notes and memoranda for the claims file, handling calls regarding claims, and performing other duties as needed to process and investigate claims.

31.     In weeks in which Plaintiff worked more than 40 hours per week (which can be determined, in part, based upon Defendant's records and electronic systems and databases), Plaintiff estimates that Plaintiff worked on average 10 to 12 unpaid overtime hours or more per workweek.

32.     Defendant willfully and knowingly pressured Plaintiff and similarly situated employees (who are members of the FLSA Collective) to work off-the-clock to control labor costs and expenses, and for Defendant's own convenience and benefit.

33.     Defendant warned Plaintiff and other DCRs that if they sought to claim overtime hours, including the time they worked during or did not receive a *bona fide* one-hour meal break, that they would be disciplined and could face termination.

34.     Defendant knew that the DCR position and the workload assigned to DCRs required them to work more than 40 hours during workweeks.

35.     Defendant required that Plaintiff and the FLSA Collective use the same timekeeping system (Workday) to track their time worked.  However, Defendant strongly discouraged Plaintiff and the FLSA Collective members against recording all their overtime hours worked or reporting the times in which they did not full take a one-hour, non-working meal break each day.

36.     Plaintiff and other DCRs were warned of disciplinary action if they dared to report more than 40 hours of time in any workweek (absent special circumstances), yet Defendant accepted the benefit of such off-the-clock work and turned a blind eye to Plaintiff and DCRs not recording this time worked.

37.     These identified common unlawful pay practices and discouragement and dissuasion of Plaintiff and the FLSA Collective from reporting all their work hours is part of Defendant's *de facto* policy/practice to limit labor expenses and boost corporate profits.

38.     Defendant also required that Plaintiff and the FLSA Collective falsely state and record on their time records that they received a one hour, *bona fide*, non-working meal break in their time records despite the fact that Plaintiff and the FLSA Collective did not receive *bona fide* meal breaks and performed work during such breaks, and despite Defendant's knowledge of the same.

- 7 -

39.    Defendant is aware, and knew or should have known, that Plaintiff and the FLSA Collective routinely suffered to work unpaid overtime.  Plaintiff and the FLSA Collective members' supervisors (Defendant's agents including the District Managers and others) communicated with Plaintiff and the FLSA Collective members outside of the time they recorded in Defendant's timekeeping system and while they are/were off-the-clock and not being paid.

40.    Upon information and belief, Defendant's electronic systems and databases also will show time worked outside of the time recorded in Defendant's timekeeping system by Plaintiff and the FLSA Collective.

41.    Defendant is aware (or should have been aware) that Plaintiff and the FLSA Collective suffered to work many overtime hours off-the-clock and without compensation.

42.    Defendant also did not inquire into whether Plaintiff and the FLSA Collective worked unpaid time, despite having actual or constructive knowledge that Plaintiff and the FLSA Collective worked while not on the clock and took less than one full hour of non-working, uninterrupted meal breaks.

43.    Defendant failed to take reasonable and necessary actions to stop and prevent overtime hours from being worked by Plaintiff and the FLSA Collective.  Defendant had knowledge that Plaintiff and the FLSA Collective members could not perform their work each week without incurring overtime hours, including working during the one-hour meal breaks, and willfully chose to accept the benefit of this unpaid work to the detriment of Plaintiff and the FLSA Collective members.

44.     The DCR supervisors, part of management and who are agents of Defendant, communicated with Plaintiff and the FLSA Collective while they were not on the clock and being paid.

45.     Pursuant to Defendant's common policies and procedures and failure to maintain a timekeeping system to track all time worked and all overtime hours worked, Defendant failed to accurately record all of the hours worked by Plaintiff and the FLSA Collective, thereby resulting in the failure to pay overtime wages in violation of the FLSA.

46.     Defendant knew and should have known that its time records for Plaintiff and DCR were inaccurate, understated, and thus are unreliable to account for their work hours.

47.     Defendant failed and continues to fail to pay Plaintiff and the FLSA Collective all of their compensation and overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiff and the FLSA Collective to work off-the-clock hours.

48.     Defendant suffered and permitted Plaintiff and the FLSA Collective to work overtime hours while off-the-clock but did not pay them for these unrecorded overtime hours in willful violation of the FLSA.

49.     Defendant knew or should have known that Plaintiff and the FLSA Collective worked unpaid time because Defendant's managers and agents witnessed and permitted unpaid time worked by Plaintiff and the FLSA Collective.

50.     Defendant's failure to pay Plaintiff and the FLSA Collective for all hours worked was due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the convenience of Defendant's operations.

- 9 -

## FLSA COLLECTIVE ACTION ALLEGATIONS

51.    Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of Plaintiff and the FLSA Collective.

52.    Upon information and belief, Defendant has been aware that Plaintiff and the FLSA Collective perform or performed work beyond their corporate set weekly work schedule of Monday to Friday, shifts of 9 hours (i.e., from 8:00 a.m. to 5:00 p.m.).

53.    As part of Defendant's regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

54.    This policy and pattern or practice includes, but is not limited to:

   a.    willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours they worked for Defendant in excess of 40 hours per workweek;

   b.    willfully failing to record all of the time that Plaintiff and the FLSA Collective have worked for Defendant; and

   c.    willfully not paying Plaintiff and the members of the FLSA Collective for time worked during unpaid meal breaks.

55.    Defendant is aware or should have been aware that federal law requires it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

56.    Plaintiff and the FLSA Collective all perform or performed similar job requirements and duties throughout the United States, handling and processing disability claims, and answering phone calls by policyholders and those with claims.

57.    Plaintiff and the FLSA Collective all were compensated on an hourly basis and classified and treated by Defendant as non-exempt employees under the FLSA.

58.     Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

59.     Despite knowing that Plaintiff and the FLSA Collective performed and continue to perform work while off-the-clock and without pay, Defendant failed to inquire and failed to investigate whether Plaintiff and the FLSA Collective were paid for all time worked.

60.     Defendant also failed to maintain an accurate, reliable timekeeping procedure and system and signed off on (and ratified) understated, inaccurate weekly time records which did not record all the hours worked by Plaintiff and the FLSA Collective.

61.     Defendant's unlawful conduct and unlawful pay practiced complained of herein has been widespread, repeated, and consistent as to Plaintiff and the FLSA Collective members, regardless of location in which they worked.

### FIRST CAUSE OF ACTION
**FLSA– Unpaid Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

62.     Plaintiff incorporates by reference all preceding allegations.

63.     Plaintiff brings these FLSA claims for unpaid overtime wages for herself and the FLSA Collective.

64.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint. *See supra*.

65.     Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

66.     At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67.     The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* of the FLSA apply to Defendant.

68.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69.     At all times relevant, Plaintiff and the FLSA Collective are/were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

70.     The FLSA requires that an employee must be completely relieved of all work duties during their meal breaks.  See 29 C.F.R. § 785.19 ("Meal . . .  The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.  For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.").

71.     Defendant did not completely relieve Plaintiff and the FLSA Collective during their meal breaks, and the Plaintiff and FLSA Collective members did not receive a *bona fide* meal break.  Rather, Plaintiff and the FLSA Collective worked during their unpaid one-hour meal breaks without overtime compensation during overtime hours in violation of the FLSA.

72.     Defendant has failed to pay Plaintiff and the FLSA Collective all of the overtime wages to which they are entitled under the FLSA.

73.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional, but at minimum were with reckless disregard for the FLSA and recordkeeping requirement of 29 C.F.R. part 516.

74.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255, meaning that Plaintiff and the FLSA Collective are entitled to claim their unpaid overtime wages and other damages (including liquidated damages) against Defendant for a period of three years preceding the date any person opts into this action and becomes a party, including for Plaintiff.

75.     As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.* and 29 U.S.C. § 207(a).

76.     Defendant has not acted in good faith to comply with the FLSA and the FLSA's timekeeping regulations.  Defendant does not have reasonable, objective and/or subjective grounds for proving and claiming that its actions and pay practices did not violate the FLSA.

77.     As a result of these unlawful acts of Defendant described in this Complaint, Plaintiff and the FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA and 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated

persons, seek the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Pre-judgment interest and post-judgment interest as provided by law;

D.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E.      A declaration declaring that Defendant's practices violate the FLSA;

F.      Awarding Plaintiff a service award for her time and effort on behalf of all others who consent to join this action;

G.      Attorneys' fees and costs of the action; and

H.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: New York, New York
       March 3, 2025

*Michael Palitz*
_____
 Michael J. Palitz
**SHAVITZ LAW GROUP, P.A.**
477 Madison Avenue, 6th Floor
New York, New York 10022
(800) 616-4000
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Marilyn Linares*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Train, Suite 200

Boca Raton, Florida 33431
(561) 447-8888
gshavitz@shavitzlaw.com
mlinares@shavitzlaw.com

Mitchell Feldman*
**FELDMAN LEGAL GROUP**
12610 Race Track Rd., Suite 225
Tampa, Florida 33626
(813) 680-4428
mfeldman@flandgatrialattorneys.com

*Attorneys for Plaintiff and the proposed FLSA Collective*

*to apply for admission *pro hac vice*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial on all the issues so triable.

*Michael Palitz*

Michael J. Palitz

- 15 -