UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

SHERRY KATHEREN, individually on behalf :
of herself and all others similarly situated,

                                      :

             Plaintiffs,          :             Case: 1:25-cv-01794

                                        :

         v.                  :    **ANSWER & SEPARATE DEFENSES**

                                         **TO THE COMPLAINT**

THE GUARDIAN LIFE INSURANCE  :
COMPANY OF AMERICA,

                                        :

             Defendant.

------------------------------------- X

      Defendant, The Guardian Life Insurance Company of America ("Guardian" or "Defendant"), by and through its undersigned counsel, hereby submits the following Answer and Affirmative Defenses to the Plaintiff's Complaint:

## INTRODUCTION

      1.      Admits only that Plaintiff purports to bring this lawsuit under the statute referenced therein, but otherwise denies the allegations in paragraph 1 of the Complaint.

      2.      Denies the allegations contained in paragraph 2 of the Complaint.

      3.      Except to admit that Defendant employs certain individuals in non-exempt positions who handle disability benefit claims, the allegations contained in paragraph 3 of the Complaint, and Plaintiff's characterization of same, are denied.

      4.      Denies the allegations contained in paragraph 4 of the Complaint.

      5.      Denies the allegations contained in paragraph 5 of the Complaint.

## THE PARTIES

      6.      Upon information and belief, admits the allegations contained in paragraph 6 of the Complaint.

7.    Except to admit that the named Plaintiff, Sherry Katheren, has been employed by Guardian since about September 2022 as a non-exempt disability claims handler in Guardian's Individual Markets department, and that she has been out on a leave of absence since late July 2024, the allegations contained in paragraph 7 of the Complaint, and Plaintiff's characterization of same, are denied.

8.    Denies the allegations contained in paragraph 8 of the Complaint.

9.    Denies the allegations contained in paragraph 9 of the Complaint.

10.    Denies the allegations contained in paragraph 10 of the Complaint.

11.    Denies the allegations contained in paragraph 11 of the Complaint.

12.    Denies the allegations contained in paragraph 12 of the Complaint.

13.    Denies the allegations contained in paragraph 13 of the Complaint.

14.    The allegations contained in paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 14 of the Complaint are denied.

15.    Upon information and belief, admits the allegations contained in paragraph 15 of the Complaint.

16.    Except to admit that Guardian is a New York corporation with its principal place of business located in New York County, the allegations contained in paragraph 16 of the Complaint are denied.

17.    Admits the allegations contained in paragraph 17 of the Complaint.

18.    The allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 18 of the Complaint are denied.

19.     The allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 19 of the Complaint are denied.

20.     Denies the allegations contained in paragraph 20 of the Complaint.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22.     The allegations contained in paragraph 22 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 22 of the Complaint are denied.

23.     The allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 23 of the Complaint are denied.

24.     The allegations contained in paragraph 24 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 24 of the Complaint are denied.

25.     The allegations contained in paragraph 25 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 25 of the Complaint are denied.

26.     Denies the allegations contained in paragraph 26 of the Complaint.

27.     Except to admit that Plaintiff purports to bring this lawsuit on behalf of purportedly similarly situated individuals, the allegations contained in paragraph 27 of the Complaint are denied.

## PURPORTED FACTS COMMON TO ALL CLAIMS

28.    Except to admit that Plaintiff has been employed as a non-exempt disability benefits claims handler, the allegations contained paragraph 28 of the Complaint are denied.

29.    Denies the allegations contained in paragraph 29 of the Complaint.

30.    Denies the allegations contained in paragraph 30 of the Complaint.

31.    Denies the allegations contained in paragraph 31 of the Complaint.

32.    Denies the allegations contained in paragraph 32 of the Complaint.

33.    Denies the allegations contained in paragraph 33 of the Complaint.

34.    Denies the allegations contained in paragraph 34 of the Complaint.

35.    Denies the allegations contained in paragraph 35 of the Complaint.

36.    Denies the allegations contained in paragraph 36 of the Complaint.

37.    Denies the allegations contained in paragraph 37 of the Complaint.

38.    Denies the allegations contained in paragraph 38 of the Complaint.

39.    Denies the allegations contained in paragraph 39 of the Complaint.

40.    Denies the allegations contained in paragraph 40 of the Complaint.

41.    Denies the allegations contained in paragraph 41 of the Complaint.

42.    Denies the allegations contained in paragraph 42 of the Complaint.

43.    Denies the allegations contained in paragraph 43 of the Complaint.

44.    Denies the allegations contained in paragraph 44 of the Complaint.

45.    Denies the allegations contained in paragraph 45 of the Complaint.

46.    Denies the allegations contained in paragraph 46 of the Complaint.

47.    Denies the allegations contained in paragraph 47 of the Complaint.

48.    Denies the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint.

50.     Denies the allegations contained in paragraph 50 of the Complaint.

### PURPORTED FLSA COLLECTIVE ACTION ALLEGATIONS

51.     Except to admit that Plaintiff purports to bring her first cause of action as alleged in paragraph 51 of the Complaint, the allegations contained in paragraph 51 of the Complaint are denied.  By way of further response, Defendant denies that Plaintiff's claims, and the claims of the purported collective she seeks to represent, have any legal or factual merit, and further denies that Plaintiff or the purported collective she seeks to represent are entitled to any relief, monetary, equitable or otherwise.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint, including the allegations contained in subparts a, b, and c.

55.     Except to admit that Guardian is aware of its obligations under the FLSA, and that it complies with all such obligations, the allegations contained in paragraph 55 of the Complaint are denied.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Denies the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

## PURPORTED FIRST CAUSE OF ACTION

62.    Guardian reasserts its responses to paragraphs 1 through 61 above, incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

63.    Admits that Plaintiff purports to bring this lawsuit for the reasons stated in paragraph 63 of the Complaint. By way of further response, Defendant denies that Plaintiff's claims, and the claims of the purported collective she seeks to represent, have any legal or factual merit, and further denies that Plaintiff or the purported collective she seeks to represent are entitled to any relief, monetary, equitable or otherwise.

64.    Denies the allegations contained in paragraph 64 of the Complaint.

65.    Upon information and belief, admits the allegations contained in paragraph 65 of the Complaint.

66.    The allegations contained in paragraph 66 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 66 of the Complaint are denied.

67.    The allegations contained in paragraph 67 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 67 of the Complaint are denied.

68.    The allegations contained in paragraph 68 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 68 of the Complaint are denied.

69.     The allegations contained in paragraph 69 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 69 of the Complaint are denied.

70.     The allegations contained in paragraph 70 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 70 of the Complaint are denied.

71.     Denies the allegations contained in paragraph 71of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     Denies the allegations contained in paragraph 77 of the Complaint.

## **PURPORTED PRAYER FOR RELIEF**

In response to Plaintiff's "WHEREFORE" clause and prayer for relief at the conclusion of Plaintiff's Complaint, Guardian states that Plaintiff is not due the relief requested therein or any relief, monetary, equitable or otherwise, and that Plaintiff's Complaint properly should be dismissed.

## **GENERAL DENIAL**

Defendant denies each and every allegation set forth in the Complaint which is not specifically admitted herein.

## SEPARATE DEFENSES

Defendant does not knowingly or intentionally waive any applicable defense and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings. Defendant further reserves the right to amend its Answer and/or defenses accordingly, and/or amend its defenses should it determine any defense is not applicable, during the course of the proceedings. Without assuming any burdens that it would not otherwise bear, Defendant asserts the following defenses:

### As and For a First Separate Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted, or for which the relief or recovery sought can be awarded to Plaintiff or the purported collective Plaintiff seeks to represent.

### As and For a Second Separate Defense

Plaintiff's purported claims, and those of the proposed FLSA collective she seeks to represent, are barred, in whole or in part, by the applicable statutes of limitations and/or by the equitable doctrines of laches, unclean hands, waiver and estoppel.

### As and For a Third Separate Defense

Plaintiff's claims, and those of the proposed FLSA collective she seeks to represent, are barred in whole or in part to the extent that the work Plaintiff performed falls within the exemptions or exceptions provided under the FLSA, 29 U.S.C. § 201, *et seq*.

### As and For a Fourth Separate Defense

Any alleged violation of the FLSA (which is denied) by Defendant was not willful, and therefore all claims are limited to a two-year limitations period calculated from the "opt-in" date

of the Plaintiff or any future plaintiff or member of the proposed FLSA collective who files a written consent to join this action.

### As and For a Fifth Separate Defense

Defendant at all times acted in good faith with the reasonable belief that its actions complied with state and federal laws, and at no time willfully violated any of the laws pursuant to which Plaintiff purports to bring the instant action on behalf of herself or the proposed FLSA collective she seeks to represent.

### As and For a Sixth Separate Defense

Defendant at all times acted reasonably and in good faith in attempting to comply with any obligations it may have had under the FLSA to Plaintiff and the proposed FLSA collective she seeks to represent (all of which obligations are denied). Accordingly, liquidated damages are not available to Plaintiff or the proposed FLSA collective under the provisions of the FLSA.

### As and For a Seventh Separate Defense

Plaintiff's claims, and those of the FLSA collective she seeks to represent, are barred, in whole or in part, because Plaintiff and the proposed FLSA collective she seeks to represent are not entitled, in whole or in part, to the relief and damages sought in the Complaint.

### As and For an Eighth Separate Defense

Plaintiff's claims, and those of the FLSA collective she seeks to represent, are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because any actions taken or not taken by Defendant giving rise to this action were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written and unwritten administrative practices or enforcement

9

policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## As and For a Ninth Separate Defense

Plaintiff's claims, and those of the FLSA collective she seeks to represent, are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions by Defendant giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

## As and For a Tenth Separate Defense

The claims of Plaintiff, and the proposed FLSA collective she seeks to represent, are barred by payment, setoff, settlement, waiver, release and/or accord and satisfaction.

## As and For an Eleventh Separate Defense

The Complaint is barred, in whole or in part, because Plaintiff is not "similarly situated" to the purported FLSA collective she seeks to represent and she cannot satisfy statutory and/or other prerequisites to proceed collectively under 29 U.S.C. § 216(b).

## As and For an Twelfth Separate Defense

The Complaint is barred because numerous members of the proposed collective Plaintiff seeks to represent have executed, and are bound by, valid and enforceable arbitration agreements, governed by the Federal Arbitration Act (the "FAA"), that require that arbitration is the sole and exclusive forum for the final and binding adjudication of any and all claims such putative collective members may have against Guardian, including any and all claims under the FLSA (which claims are denied in their entirety). Any issues concerning, among others, the scope, interpretation,

validity or enforceability of the arbitration agreement are expressly reserved for an arbitrator to determine.

### As and For a Thirteenth Separate Defense

To the extent Plaintiff or any member of the purported FLSA collective she seeks to represent is deemed to be an "employee" of Defendant, and were non-exempt and not purportedly paid for work in excess of 40 hours in a workweek (which is denied), the uncompensated time is *de minimis*.

### As and For a Fourteenth Separate Defense

Plaintiff's claims for monetary relief, and any claims for monetary relief alleged on behalf of the purported FLSA collective she seeks to represent, are barred in whole or in part because neither Plaintiff nor the proposed FLSA collective she seeks to represent, has suffered any injury or damage as a result of any act or omission allegedly taken by Defendant.

### As and For a Fifteenth Separate Defense

The imposition of statutory penalties would violate Defendant's rights, including the right to due process and equal protection under United States Constitution and other laws.

### As For a Sixteenth Separate Defense

To the extent Defendant is deemed to have been negligent in any way with respect to Plaintiff or the claims asserted in the Complaint (which Defendant expressly denies), Plaintiff, and the proposed FLSA collective she purports to represent, were comparatively and/or contributorily negligent and, accordingly, any recovery sought by Plaintiff and/or the proposed FLSA collective she seeks to represent should be diminished or barred due to her and/or their own negligence.

11

### As For a Seventeenth Separate Defense

Defendant intends to rely upon any other defense that may become available during the proceedings in this case and hereby reserves its right to amend its Answer to assert any such defenses.

**WHEREFORE,** Defendant respectfully requests that the Court:

A.  Dismiss the Complaint in its entirety with prejudice;

B.  Deny each and every demand and prayer for relief contained in the Complaint;

C.  Award Defendant its costs and reasonable attorneys' fees; and

D.  Award Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 15, 2025

**DLA PIPER LLP (US)**

By:    */s/ Joseph A. Piesco, Jr.*
Joseph A. Piesco, Jr., Esq.
Garrett D. Kennedy, Esq.
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4537
Joseph.Piesco@us.dlapiper.com
Garrett.kennedy@us.dlapiper.com

*Attorneys for Defendant*

12